IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the Use and Benefit of TITAN CONSTRUCTION, LLC, an Oklahoma limited liability company; and TITAN CONSTRUCTION, LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>PENN CONSTRUCTION GROUP, INC; KORTE CONSTRUCTION COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>   Defendants. | Case No. CIV-22-719-D |

## AGREED PROTECTIVE ORDER

Before the Court is the parties' Joint Motion for Protective Order [Doc. No. 42]. Upon consideration, the Court enters the following Agreed Protective Order governing confidential and private material obtained in this case.

WHEREAS, discovery, including but not limited to interrogatories, document requests, requests for admission and depositions, in the above-captioned action will involve the production of information that the producing Party or nonparty asserts is confidential, personal, sensitive, proprietary, trade secret, commercial, financial and/or business information; and

WHEREAS, the Parties agree certain documents have been or will be requested in discovery that constitute commercially sensitive information, proprietary information, trade secret, competitively sensitive internal documents, and/or personally identifiable

information, including but not limited to documents evidencing the Parties' financial condition, payroll records for the Parties, other documents which contain personally identifiable information as to individuals, and confidential settlement agreements—none of which are available publicly and all of which, if produced without a protective order and accessed by competitors or other individuals/entities would cause irreparable harm and injury to one or more of the Parties.

For good cause shown under Federal Rule of Civil Procedure 26(c), the Court hereby enters this Order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

**I.       Scope**

This Order includes in its scope documents, electronically stored information, or other information produced or disclosed in the above-captioned action, whether pursuant to formal or informal discovery requests or subpoenas, or through testimony; whether produced or disclosed by the Parties or by nonparties to the above-captioned action ("Litigation Material"). The above-captioned action shall also include any proceeding or supplemental proceeding in any jurisdiction brought to enforce any judgment entered in the above-captioned action or any settlement agreement among or between any of the Parties.

**II.      Confidential Information**

Each Party or nonparty may designate as "Confidential" under the terms of this Order any Litigation Material such Party or nonparty produces in the above-captioned

action. Litigation Material may be designated as "Confidential" before or after it has been produced or disclosed and will thereafter be known as "Confidential Information."

As used in this Order, "Confidential Information" is defined as information that the producing Party or nonparty designates in good faith as having been previously maintained in a confidential manner and which should be protected from disclosure and use outside the above-captioned action because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing Party or nonparties. "Confidential Information" includes commercially sensitive information, proprietary information, trade secret, competitively sensitive internal documents, and/or personally identifiable information, including but not limited to documents evidencing the Parties' financial condition, payroll records for the Parties, other documents which contain personally identifiable information as to individuals, and confidential settlement agreements—none of which are available publicly and all of which, if produced without a protective order and accessed by competitors or other individuals/entities, would cause irreparable harm and injury to one or more of the Parties or a producing nonparty. This definition does not include information or documents that are available to the public.

**III.      Purpose of Order**

This Order is entered to provide appropriate confidentiality protections and facilitate the production of documents and information without involving the Court unnecessarily in the ongoing discovery process. Nothing in this Order, nor the production of any information or document under the terms of the Order, nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by any Party;

(b) to alter the confidentiality or non-confidentiality of any document or information; or

(c) to alter any existing obligation (or the absence thereof) of any Party.

**IV.        Nonparties**

Though this Order in and of itself is not binding on nonparties, a nonparty may produce Litigation Material subject to the protections provided by this Order by indicating they are doing so and complying with the requirements stated herein. Such coverage may include Litigation Material produced subject to formal process (e.g., subpoena) or via informal means.

**V.        Use of Confidential Information**

All Confidential Information disclosed or obtained by or from any person, whether or not a Party, in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure or disclosed through the sealed filing of papers with the Court, shall be used for no purpose other than the prosecution and/or defense of the above-captioned action absent further Order of the Court. Nothing in this Order shall be construed to limit, condition or otherwise restrict in any way each Party's use of its own Confidential Information. Such disclosure by the producing Party shall not waive the protections of this Order and shall not entitle other Parties, nonparties or their attorneys to use or disclose such information in violation of the Order.

**VI.        Designation of Litigation Material as Confidential**

Litigation Material containing Confidential Information shall be so designated by marking the respective pages of the document with the legend "CONFIDENTIAL – Document produced subject to Protective Order for use only in: *The United States of*

*America for the Use and Benefit of Titan Construction, LLC, et al. v. Penn Construction Group, Inc., et al.*, No. CIV-22-719-D (O.K.W.D.)." In the event a Party or nonparty produces Confidential Information without designating it as such, the producing Party or nonparty may, by written notice delivered to the receiving Party, designate the information Confidential. Upon receipt of such notice, every receiving Party shall mark the Litigation Material with the confidential designation language and shall treat it thereafter as Confidential and subject to this Order.

All portions of deposition transcripts designated as such on the record by counsel for any Party or nonparty shall be treated as Confidential Information.

The Confidential Information designation shall apply to any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain Confidential Information. Any such material shall also be clearly designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Order.

**VII.**        **Contesting Confidential Designation**

Any Party who contests the designation of any Litigation Material as Confidential shall provide written notice to opposing counsel of their objection within 14 days of receipt or notice of designation of the Litigation Material as Confidential, and the Parties and/or nonparties shall use their best efforts to resolve any objection informally. If the Parties and/or nonparties are unable to resolve their dispute, the Party who contests the designation of materials as Confidential may file an objection with the Court within 28 days of receipt or notice of designation of the Litigation Material as Confidential, and the matter shall be

briefed according to local rules or any direction by the Court. In any challenge to the designation of the materials as Confidential, the burden of proof shall be on the Party or nonparty seeking protection. Prior to seeking Court intervention, the parties shall comply with LCvR 37.1.

Designation of Litigation Material as Confidential shall not operate as an admission by any Party receiving the materials that the information is or is not: (a) confidential; (b) privileged; (c) relevant; or (d) admissible in evidence at trial.

**VIII.    Access to Confidential Information**

Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case. For that purpose only, the Parties may disclose such information to (i) the Court (including court employees); (ii) court reporters and videographers; (iii) the Parties' respective counsel (including in-house counsel); (iv) employees of counsel who are required to work on this litigation; (v) the Parties' respective employees, agents, managers, and representatives—whether directly employed by a Party or not—who are required to work on or provide testimony for this litigation; (vi) witnesses testifying in this litigation, (vii) expert witnesses or potential expert witnesses retained by a Party, and (viii) such other persons as may be agreed upon by the Parties in the future.

Before disclosure of Confidential Information to any person other than those included in subparts (i), (ii), (iii), (iv) and (v), above, such person shall execute a copy of the Agreement, attached as Appendix A. Counsel shall furnish copies of such executed agreement to opposing counsel upon their request. No Confidential Information shall be

disclosed to any person who refuses to, or has failed to sign the Agreement except as allowed herein. In the event any person who has signed an Agreement refuses to comply therewith or fails to adhere to the terms thereof, counsel for the Parties shall make no further disclosure to such person and shall immediately notify opposing counsel in writing. This provision does not limit, condition or otherwise restrict a Party's ability to disclose its own Confidential Information.

**IX.       References in Open Court**

Confidential Information may be used by counsel for the Parties or any nonparty in connection with any hearing or trial as directed by the Court at the time.

**X.        Filing of Confidential Information.**

In the event a Party or nonparty seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that Party or nonparty must take appropriate action to ensure that the document receives proper protection from public disclosure by seeking permission to file the document under seal as required by the Court's ECF Policies & Procedures Manual §§ II(H) and III(A). Nothing in this Order will be construed as a blanket directive to allow any document to be filed under seal.

**XI.       Notice of Unauthorized Disclosure**

If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the Party who improperly disclosed the information must immediately inform the producing Party or nonparty of all pertinent facts relating to such disclosure and shall make every effort to retrieve the improperly disclosed information and prevent disclosure by each unauthorized person who

received such information. Reimbursement for reasonable attorneys' fees may be sought and awarded in relation to such disclosure if warranted.

**XII.**    **Response to Third-Party Discovery**

In the event that any court requires the disclosure of Confidential Information, the Party from whom disclosure is sought shall give immediate written notice to the Party or nonparty that produced or designated the Litigation Material as Confidential to enable said Party or nonparty to take protective actions as it may deem necessary.

**XIII.**    **Return of Confidential Information**

Within 14 days of the conclusion of the above-captioned action, the Parties agree to return all Confidential Information (including electronically produced materials) and copies thereof to the producing Party or nonparty and/or destroy all Confidential Information (including electronically produced materials) and all copies thereof. The Parties agree to certify in writing that they have made such a return or performed such destruction. The provisions of this Order restricting communication, treatment, and use of Confidential Information shall continue to be binding after the termination of the above-captioned action. This provision does not direct the clerk of the Court to return or destroy confidential documents filed in the above-captioned action.

**XIV.**    **Continuing Force and Jurisdiction**

After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding and in force. The Parties may seek leave to reopen the above-captioned action for purposes of enforcement of the provisions of this Order, including any appropriate sanctions for violations.

## XV.     Non-waiver

Nothing in this Order shall prevent any Party from objecting to discovery that the Party believes to be otherwise improper.

**IT IS SO ORDERED** this 3rd day of November, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

# APPENDIX A
# AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION[1]

I have read and understand the Agreed Protective Order (the "Order") in the case of *The United States of America for the Use and Benefit of Titan Construction, LLC, et al. v. Penn Construction Group, Inc., et al.*, No. CIV-22-719-D, which is pending in the United States District Court for the Western District of Oklahoma. I agree to be bound by all the terms of the Order and hereby agree not to use or disclose the Confidential Information disclosed to me except for purposes of the above-referenced case as set forth in the Order. I further agree that breach of this Agreement is directly actionable by the party or nonparty which designated the Confidential Information which is disclosed, and I may be sanctioned if I fail to abide by the terms of the Order.

Executed this _____(day) of _____(month), _____(year).


_____    _____
Signature                         Printed name


_____    _____
Address                           Telephone number


_____    _____
City, State Zip Code              Email address

---

[1] Terms not defined herein have the meaning attributed to them in the Agreed Protective Order.